IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEO AND NORMA FERNANDEZ
AS GUARDIANS AND NEXT FRIENDS
OF CHRISTELLA FERNANDEZ, a minor,

    Plaintiffs,

v.                                                                                          Civ. No. 00-1368 RLP/DJS

PEÑASCO SCHOOL DISTRICT,
MICHAEL GARCIA, SUPERINTENDENT,
RUDY ARAGON, PRINCIPAL, BEN GURULE,
VICE-PRINCIPAL, MS. ELDER, TEACHER,
AND JOHN DOES AS UNNAMED EMPLOYEES,

    Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Peñasco Independent School District, Michael Garcia, Rudy Aragon, Ben Gurule and Janet Elder's Combined Motion to Dismiss and Motion for Partial Summary Judgment and Memorandum in Support Thereof [Doc. 24] ("Motion"). This case was initially filed in the Eighth Judicial District Court (County of Taos) of the State of New Mexico. It was timely removed and this court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. As set forth below, those Defendants' Motion will be denied.

Plaintiff Christella Fernandez is a student at Peñasco School in Taos, New Mexico. In 1998, she alleges, two other female students were threatening and harassing her. Christella's parents notified Defendant Ben Gurule, the Vice-Principal, of these threats and he indicated that the Principal, Defendant Rudy Aragon, was aware of the two individuals who evidently had caused other problems at school. According to the complaint, no action

was taken by either the Vice-Principal or the Principal. Subsequently, Christella's locker was vandalized. One month later, Christella reported to the Vice-Principal that she was being harassed and threatened and did not want to take her examinations. He told her he would look into it and advised her to proceed to take her examinations with her teacher, Defendant Janet Elder.

When Christella arrived at Ms. Elder's classroom, she found it locked. While she waited for Ms. Elder, she was attacked by the two individuals who had threatened and harassed her. According to the complaint, Ms. Elder witnessed the attack but instead of interceding, she sent other students to obtain assistance. Christella suffered a fractured tibia and bruises and "other physical injuries." She alleges that Ms. Elder offered no assistance during or after the attack.

Plaintiffs' complaint comprises two counts: Count I "Tort Claims" and Count II "Deprivation of Civil Rights." Listed under "Tort Claims" are allegations, *inter alia*, that the Defendants had a duty to exercise reasonable care for Christella's safety; had a duty to maintain regular monitoring in the hallways, including operational and functional security cameras; and had a duty to adequately supervise, train and maintain policies and procedures for its employees, teachers and staff to protect its students. The complaint further alleges that the breach of these duties were the proximate cause of the harm suffered by Christella. Complaint, ¶¶ 13-17. It is these negligence claims that Defendants seek to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) or Fed.R.Civ.P. 56(e). In brief, Defendants argue that as a matter of New Mexico law, qualified immunity presents a complete defense to Plaintiffs' claims of negligent supervision of both students and

teachers; and as to the claim of premises liability, there are no material facts in dispute, thus requiring entry of partial summary judgment on this claim.

Motions filed pursuant to Fed.R.Civ.P. 12(b)(6) require the court to accept as true all well-pled factual allegations and mandate dismissal if a "plaintiff can prove no set of facts to support a claim for relief." *Jojola v. Chavez*, 55 F.3d 488, 489 (10th Cir. 1995). The purpose of a summary judgment motion, unlike that of a motion to dismiss, is to determine whether there is evidence to support a party's factual claims. To withstand summary judgment, the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e)). The court views the record in the light most favorable to the nonmoving party. *Thournir v. Meyer*, 909 F.2d 408, 409 (10th Cir. 1990).

Defendants assert that Plaintiffs' allegations are merely a claim for negligent supervision, for which the New Mexico Tort Claims Act (the "Act"), NMSA § 41-4-1 *et seq.*, does not waive sovereign immunity. *See Leithead v. City of Santa Fe*, 940 P.2d 459 (N.M. Ct. App. 1997); *Pemberton v. Cordova*, 734 P.2d 254 (N.M. Ct. App. 1987). In the ten years between the *Pemberton* and *Leithead* decisions, New Mexico has refined and expanded the waiver of immunity under § 41-4-6.[1]  *See, e.g., Espinoza v. Town of Taos*, 905 P.2d 718 (N.M. 1995) (discussing cases).

---

[1] Section 41-4-6 provides, in pertinent part that immunity from tort liability does not apply "to liability for damages resulting from bodily injury . . . caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building . . . ."

Having reviewed the parties' submissions and New Mexico case law, it appears there remain questions of fact precluding granting Defendants' motion. For example, the parties indicate that the two girls who assaulted Ms. Fernandez had caused problems in the past of which school authorities were aware, but there is insufficient information given as to whether those girls presented a threat to the school population as a whole or only to Ms. Fernandez. Questions also remain about the scope of the Defendants' duty to the school population.

For all of the foregoing reasons, Peñasco Independent School District, Michael Garcia, Rudy Aragon, Ben Gurule and Janet Elder's Combined Motion to Dismiss and Motion for Partial Summary Judgment and Memorandum in Support Thereof [Doc. 24] is denied at this time.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)